## Important Privacy Notice

Federal Rule of Civil Procedure 5.2 prohibits litigants in a non-habeas proceeding from submitting documents that contain personal information. Unless the Court orders otherwise, personal identifying information in Court filings must be limited as follows:

• Social security numbers, taxpayer-identification numbers, and financial **account numbers must include only the last four digits** (e.g., xxx-xx-1234)

• Birth dates must **include the year of birth only** (e.g., xx/xx/2000)

• Names of persons under the age of 18 must be indicated by **initials only** (e.g., A.B.)

You are responsible for protecting the privacy of this information in your filings. If your documents, including attachments, contain any information that does not comply with this rule, please black out that information before sending your documents to the Court.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## HOW TO PROCEED WITH AN EMPLOYMENT DISCRIMINATION OR REHABILITATION ACT LAWSUIT

### INSTRUCTIONS FOR A PERSON WITHOUT AN ATTORNEY

This packet contains forms to permit you to file the following:

Form 1.    Civil Complaint

Form 2.    Description of Lawsuit for Court Assignment

Form 3.    Application to Proceed In Forma Pauperis (for people unable to pay the filing fee)

Form 4.    Request for Appointment of Attorney

### GENERAL INSTRUCTIONS

### FORM 1 – CIVIL COMPLAINT

You should fill out and file Form 1 – Civil Complaint. When filling out the complaint, you should remember the following:

1) You are the plaintiff. The defendant(s) is the employer(s) being sued. If you are filing against a government agency or department, use the title of the head of that agency or department – such as Postmaster General, Secretary of the Navy, Secretary of Welfare of Pennsylvania, etc.

2) Your complaint must be legibly printed by hand or typewritten.

3) You must personally sign your complaint and declare under penalty of perjury that the facts you allege are correct.

4) You must attach to the complaint a copy of your Notice of Right to Sue Letter from the Equal Employment Opportunity Commission. The complaint must be filed within the time specified in your Notice of Right to Sue Letter.

### FORM 2 – DESCRIPTION OF LAWSUIT FOR COURT ASSIGNMENT

When you file your complaint, you must also complete and file an original and one copy of Form 2 – Description of Lawsuit for Court Assignment.

(Rev. 5/2017)

## FORM 3 – MOTION TO PROCEED IN FORMA PAUPERIS ("IFP")

In order for the complaint to be filed, it must be accompanied by the filing fee of $350 plus a $52.00 Administrative Fee. If you are unable to pay the filing fee, you must file Form 3 – Motion to Proceed In Form Pauperis with the complaint. On Form 3, you must provide an explanation for why you are unable to pay the filing fee. For example: "I am unemployed and have no money except unemployment compensation." Or: "I earn $____ a week and must support a family of ____."

The judge assigned to your case will decide whether to grant you permission to file your case in forma pauperis. If the judge grants you permission to proceed in forma pauperis, then the U.S. Marshal's Office will serve copies of your complaint on the defendant(s). Therefore, you must give the correct name and address of each defendant.

If the judge does not grant permission to proceed in forma pauperis, then you must pay the $350 filing fee. You then must arrange to serve the complaint on the defendant(s). The U.S. Marshal's Office will **not** automatically serve the complaint for you if you are not granted in forma pauperis status.

## FORM 4 – REQUEST FOR APPOINTMENT OF ATTORNEY

If you desire to have an attorney and believe you are entitled to have one appointed, you should file Form 4 – Request for Appointment of Attorney. Attorneys are selected from the Plaintiff's Employment Panel, as outlined in the enclosed Program Description. Please read this enclosure carefully.

You may obtain a copy of your investigative file. Federal employees may do so from the federal agency involved by calling that agency. Other employees can obtain a copy from the Equal Employment Opportunity Commission (EEOC) by writing to:

> Fredricka Warren
> Christine Spriggs
> EEOC, Information Specialists
> 801 Market Street, Suite 1300
> Philadelphia, PA 19107

When you have completed your forms, send via email to PAED_Documents@paed.uscourts.gov, bring them or mail them to:

> Clerk of Court
> United States District Court
> 601 Market Street, Room 2609
> Philadelphia, PA 19106-1797

If you have any questions, you may call the Clerk's Office at (215) 597-7704 and ask for the Pro Se Writ Clerk.

**NOTE:** You should keep a copy of the forms that you file for your records.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Caption:
Ericka Lavington

*Full name(s) of Plaintiff(s)*

v.

Nemours Children Hospital

*Full name(s) of Defendant(s)*

COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION

CIVIL ACTION
NO. _____

This action is brought for discrimination in employment pursuant to (check only those that apply):

____ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634.
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission, and you must have been at least 40 years old at the time you believe that you were discriminated against.*

√ Americans with Disability Act of 1990, as codified, 42 U.S.C. §§ 12112-12117.
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

____ Pennsylvania Human Relations Act, as codified, 43 Pa. Cons. Stat. §§ 951-963 (race, color, family status, religious creed, ancestry, handicap or disability, age, sex, national origin, the use of a guide or support animal because of blindness, deafness or physical handicap of the user or because the user is a handler or trainer of support or guide animals).

(Rev. 10/2009)

*NOTE: In order to bring suit in federal district court under the Pennsylvania Human Relations Act, you must first file a complaint with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations, and then you must wait one year prior to filing a lawsuit.*

**I.** **Parties in this complaint:**

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff Name: Ericka Lavington
Street Address: 5973 Woodcrest Avenue
County, City: Philadelphia Pa. 19131
State & Zip:
Telephone Number: 267-207-0663 / 267-874-0045

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page. Attach additional sheets of paper as necessary.

Defendant Name:
Street Address:
County, City:
State & Zip:
Telephone Number:

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer: Nemours Children's Hospital
Street Address: 1600 Rockland Rd.
County, City: Wilmington
State & Zip: De. 19803
Telephone Number: 302-651-4200

**II.** **Statement of the Claim**

A. The discriminatory conduct of which I complain in this action includes (*check only those that apply to your case*):

____ Failure to hire me

✓ Termination of my employment

____ Failure to promote me

✓ Failure to reasonably accommodate my disability
___ Failure to reasonably accommodate my religion
___ Failure to stop harassment
___ Unequal terms and conditions of my employment
___ Retaliation
___ Other (*specify*):_____

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

B. It is my best recollection that the alleged discriminatory acts occurred or began on or about: (month) 06, (day) 11, (year) 2020.

C. I believe that the defendant(s) (check one):

___ is still committing these acts against me.
✓ is **not** still committing these acts against me.

D. Defendant(s) discriminated against me based on my (*check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged*):

___ race _____          ___ color _____
___ religion _____       ___ gender/sex _____
___ national origin _____
___ age   My date of birth is _____ (*Give your date of birth only if you are asserting a claim of age discrimination*)

E. The facts of my case are as follow (*attach additional sheets of paper as necessary*):

I was newly employed at Nemours Children hospital and I reported my medical history to Employee health. During my training I was put in an environment conducive to my medical condition which resulted in me falling asleep. I was terminated and told an investigation would be done. If an investigation would have been done it would've explained why I fell asleep. I initially was sent home on a suspension with pay.

-3-

**NOTE:** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the Pennsylvania Human Relations Commission, or the Philadelphia Commission on Human Relations.*

### III. Exhaustion of Administrative Remedies:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on: __06-11-2020__ *(Date)*.

B. The Equal Employment Opportunity Commission (*check one*):

 ____ has not issued a Notice of Right to Sue Letter.
 _✓_ issued a Notice of Right to Sue Letter, which I received on __05-07-2021__ *(Date)*.

 **NOTE:** *Attach to this complaint a copy of the Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

C. *Only plaintiffs alleging age discrimination must answer this question.*

 Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct (*check one*):

 ____ 60 days or more have passed.
 ____ fewer than 60 days have passed.

D. It is my best recollection that I filed a charge with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct on: _____ *(Date)*.

E. Since filing my charge of discrimination with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct (*check one*):

 ____ One year or more has passed.
 ____ Less than one year has passed.

## IV. Relief

**WHEREFORE**, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs as well as (*check only those that apply*):

\_\_\_\_ Direct the defendant to hire the plaintiff.

\_\_\_\_ Direct the defendant to re-employ the plaintiff.

\_\_\_\_ Direct the defendant to promote the plaintiff.

\_\_\_\_ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

\_\_\_\_ Direct the defendant to reasonably accommodate the plaintiff's religion.

\_\_\_\_ Direct the defendant to (*specify*):_____

✓ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

\_\_\_\_ Other (*specify*):_____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 20 day of August, 2021.

Signature of Plaintiff _Ericka Lavington_
Address _5973 Woodcrest avenue_
_Philadelphia Pa. 19131_

Telephone number _267-207-0663/267-874-0045_
Fax number (*if you have one*) _____

**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office
801 Market Street, Suite 100
Philadelphia, PA 19107

| | | |
|---|---|---|
| Ericka Lavington | : | |
|     Complainant, | : | |
| | : | DDOL No. |
| v. | : | |
| | : | EEOC No. |
| Nemours Children's Hospital. | : | |
|     Respondent. | : | |
| | : | |

## COMPLAINT/ADMINISTRATIVE CHARGE OF DISCRIMINATION

Ericka Lavington (hereinafter "Complainant") hereby brings this Complaint/Administrative Charge of discrimination based on disability against Nemours Children's Hospital and its employees/managers/agents (hereinafter "Respondent"). Complainant, a 51-year-old black woman with multiple medial health conditions, was terminated from employment after she briefly fell asleep at work due to her documented medical conditions. In bringing this Complaint/Administrative Charge, Complainant hereby avers the following.

### JURISDICTION

1. The U.S. Equal Employment Opportunity Commission has jurisdiction pursuant to the Americans with Disabilities Act (ADA), its Regulations, and any Amendments thereto.

2. The Delaware Department of Labor Division of Industrial Affairs Office of Anti-Discrimination (DDOL) has jurisdiction pursuant to Title 19, Chapter 7 of the Delaware Code.

### PARTIES

3. The Complainant herein is Ericka Lavington, whose address is 5973 Woodcrest Ave. Philadelphia, PA 19131.

4. The Respondent herein is Nemours Children's Hospital. The address of Respondent's location that is the subject of this Complaint is 1600 Rockland Road Wilmington, DE 19803.

### UNDERLYING FACTS

5. Respondent is an entity engaged in an industry or activity affecting commerce which employed 15 or more employees in all of its facilities each working day during each of 20 or more calendar workweeks in the current or preceding year.

6. Complainant was hired by Respondent on March 9, 2020 as a Surgical Technologist.

7. Despite extensive experience in the surgical technology industry dating back over 18 years, Complainant was placed on a 90-day orientation period when she arrived to work for Respondent along with all other new hires.

8. Part of the hiring process for Complainant's role with Respondent was to have a brief health screening through the employee health office, where Respondent documented employee's personal medical history.

9. At the health screening, Complainant informed Respondent that she suffered from sleep apnea and a thyroid disease disorder. The side effects of these combined medical conditions include extreme tiredness and exhaustion.

10. Despite having knowledge of these conditions, Respondent never asked Complainant if she required an accommodation.

11. In or about May 2020, Complainant's personal doctor observed that her current medication dosage was not helping keep her thyroid hormone levels the necessary level. As a result, Complainant's doctor altered her medication dosage.

12. On June 9th, 2020, Complainant was being precepted by another surgical technologist in a surgical procedure that she had never done before.

13. This particular procedure required Complainant to wear an x-ray lead blanket and a hooded vented head cover in addition to her usual sterile surgical attire. The lights in the room were also turned off, as part of the procedure was to be done laparoscopically with the use of cameras and scopes. It was a 3–5 hour long procedure, for which Complainant was supposed to sit back and observe.

14. There were about six (6) people present at this surgical procedure. Due her placement in the room, it was hard for Complainant to consistently follow what was happening during the procedure.

15. At one point during the procedure, Complainant's view was obscured so she sat down for a minute. At this time, Complainant began feeling extremely exhausted, and dozed off while sitting down.

16. After a minute or two, the circulating nurse in the room observed Complainant sleeping and lightly tapped her ankle to wake her up. The nurse told Complainant to take a lunch break so she could get some and air and regather herself. Complainant declined, but the circulating nurse insisted she do so.

17. Complainant then went to lunch and returned shortly afterwards to complete her shift.

18. On June 10, 2021- the following day- at or about 2:00 pm, Complainant was called in to speak with Jackie Jenkins ("Jackie"), one of her supervisors, and Ms. Jody ("Jody"), a Department Manager, about what had happened the day before.

19. At first Complainant was not sure what they were referring to. Jackie then asked her if she had fallen asleep. Complainant acknowledged that she had, apologized, and promised that it would never happen again.

20. Jackie and Jody then told Complainant she was being suspended while they conducted an investigation.

21. Complainant was informed that sleeping at work results in automatic termination unless there is a documented medical condition. Complaint responded that she does have a medical condition, and reminded Jackie and Jody that this information was available in her Employee Health file.

22. Complainant then left to go to her locker to change before going home. At this time, Jackie came into the locker room and asked Complainant to stop by the Employee Health office before leaving.

23. Complainant obliged and went to the Employee Health. Here, a nurse asked Complainant to take a drug test, to which she agreed. (do we have info. as to whether hospital can ask anyone to take a drug test, or there are certain requirements. I feel it is overreaching that just because she fell asleep she is required to take a drug test, which is invasive. Was she told she could refuse to take the drug test?)

24. Afterwards, an employee health doctor approached Complainant and asked what had happened. As Complainant explained, the doctor looked through her medical health file and after observing Complainant's medical conditions, the doctor stated that Respondent had placed Complainant in the perfect environment to fall asleep by having her wear the weighted blanket, the hood, and having the lights being off in the surgery room.

25. On June 11, 2020, Jackie and Jodie called Complainant to say she was being terminated for sleeping on the job.

26. Complainant was confused, as she had been told previously that if she had a documented medical condition then she would not be terminated. This caused her to believe that a thorough investigation had not been conducted.

27. Following this phone call, Complainant attempted to call Human Resources to request a formal termination letter as well as to receive information on her medical benefits, the results of her drug test, and how to return her badge. She left three (3) voice messages but never received a response back. Complainant never received an official termination letter or the results of her drug test.

28. Complainant has been unable to locate new employment since this incident. Respondent failed to provide her information or documentation for COBRA, and she has been forced to pay for medications entirely out of pocket. She currently receives unemployment compensation.

## DUAL FILING

29. This Charge of Discrimination has been filed with the U.S. Equal Employment Opportunity Commission and the Delaware Department of Labor Division of Industrial Affairs Office of Anti-Discrimination.

## COUNT I- DISABILITY DISCRIMINATION

30. Paragraphs 1-29 are incorporated herein by reference as though set forth in full.

29. Based on the foregoing, Complainant alleges that Respondent violated the Americans with Disabilities Act and the DDOL by subjecting Complainant to discrimination on the basis of disability in the workplace when Respondent terminated her for experiencing side effects of medical conditions that they were aware of, after placing her in a position that exacerbated said medical conditions, and despite the fact that they told Complainant she would not be terminated as long as she could explain her conduct with a medical condition, which she did.

Respectfully submitted,

*Faye Riva Cohen*

FAYE RIVA COHEN, ESQUIRE
LAW OFFICE OF FAYE RIVA COHEN, P. C.
2047 Locust Street
Philadelphia, PA 19103
(215) 563-7776

Attorney for Complainant

Date: April 7, 2021

## VERIFICATION

I, Ericka Lavingston, hereby verify that I am the Complainant in the within Complaint/Administrative Charge of Discrimination, and that the statements made in the foregoing Complaint/Administrative Charge are true and correct to the best of my knowledge, information and belief.

                                                   Ericka Lavington
                                                   Complainant

Date: April 7, 2021